IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JENAE KEITH<br>501 Murray Hill Dr.<br>Youngstown, Ohio 44505<br><br>Plaintiff,<br><br>        v.<br><br>OMNI MANOR, INC.<br>d/b/a WINDSOR HOUSE AT LIBERTY<br>ARMS ASSISTED LIVING RESIDENCE<br>1353 Churchill Hubbard Rd.<br>Liberty, Ohio 44505<br><br>    **Also Serve:**<br>    John J. Masternick, Esq.<br>    Statutory Agent<br>    101 W. Liberty St.<br>    Girard, Ohio 44420<br><br>    -and-<br><br>WINDSOR HOUSE, INC.<br>1353 Churchill Hubbard Rd.<br>Liberty, Ohio 44505<br><br>    **Also Serve:**<br>    Leo S. Grimes<br>    Statutory Agent<br>    20 E. Liberty St.<br>    Girard, Ohio 44420<br><br>    -and-<br><br>PATRICIA J. AHLSWEDE<br>55 Village Blvd.<br>Canfield, Ohio 44406<br><br>Defendants. | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT FOR DAMAGES AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED HEREIN** |



The Employee's Attorney.™

Plaintiff, Jenae Keith, by and through undersigned counsel, as her Complaint against the Defendants states and avers the following:

## PARTIES AND VENUE

1. Jenae Keith is a resident of the City of Youngstown, in the County of Trumbull, State of Ohio.
2. Omni Manor, Inc., doing business as Windsor House at Liberty Arms Assisted Living Residence ("Windsor House") is a domestic corporation with its principal place of business located at 1353 Churchill Hubbard Rd., Liberty, Ohio 44505.
3. Windsor House, Inc. is a domestic corporation with its principal place of business located at 1353 Churchill Hubbard Rd., Liberty, Ohio, 44505.
4. During all times relevant to the Complaint, Windsor House was an "employer" within the meaning of Civil Rights Act of 1964 § 7, 42 U.S.C. § 2000e *et seq.*
5. Windsor House was at all times hereinafter mentioned an employer within the meaning of R.C. 4112.02.
6. Upon information and belief, Patricia J. Ahlswede is a resident of the State of Ohio.
7. Windsor House employed Ahlswede in the position of Director.
8. Ahlswede had the authority to discipline and/or terminate Keith.
9. Ahlswede was at all times hereinafter mentioned, an individual who was a manager and/or supervisor at Windsor House who acted directly or indirectly in the interest of Windsor House.
10. Ahlswede made or participated in the adverse actions asserted, herein.
11. All of the material events alleged in this Complaint occurred in Trumbull County.

## JURISDICTION AND VENUE

11. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Keith is alleging federal law claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* and the Pregnancy Discrimination Act of 1978, 42 U.S.C. 21 U.S.C. § 2000, *et seq.*

12. This Court has supplemental jurisdiction over Keith's state law claims pursuant to 28 U.S.C. § 1367 as Keith's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

14. On July 26, 2019, Keith filed her formal Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in Agency Charge No. 532-2019-02471.

15. On March 18, 2021, the EEOC issued and mailed a Notice of Right to Sue letter regarding Keith's EEOC Charge of Discrimination.

16. Keith has received a Right to Sue letter from the EEOC, in accordance with 42 U.S.C. 2000e-5(f)(1), which is attached hereto as Exhibit 1.

17. Keith has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

18. Keith is a female.

19. Windsor House employed Keith in the position of Resident Attendant.

20. Keith worked in the Resident Attendant position from September 25, 2017 – February 13, 2019.

21. Keith had no meaningful history of discipline.

22. Keith suffered from complications from pregnancy. ("Pregnancy Complications").

23. Keith's Pregnancy Complications affect her back, legs, knees, and female body systems.

24. Keith's Pregnancy Complications substantially impairs one or more of her major life activities including working, lifting, and walking up and down stairs.

25. Keith's Pregnancy Complications are a physical impairment.

26. Keith's Pregnancy Complications are a disability.

27. On or around August 2018, Keith learned she was pregnant and immediately informed her supervisor, Ahlswede.

28. On or about January 14, 2019, Keith called off work for two days to take care of her minor son who was suffers with chronic asthma.

29. Ahlswede told Keith to quit her job now to deal with her disabled child and to have her baby.

30. Ahlswede told Keith that Ahlswede if Keith voluntarily quit her job now, Ahlswede would re-hire Keith after her baby was born.

31. Ahlswede did not tell similarly situated non-pregnant employees to voluntarily quit their job.

32. Ahlswede told Keith that she had already hired her replacement in anticipation of Keith's voluntarily quitting her job.

33. Ahlswede told Keith that she had also already asked night shift employees to pick up Keith's work hours in anticipation of Keith's voluntarily quitting her job.

34. Keith refused to voluntarily quit her job.

35. On or about January 16, 2019, Keith's doctor placed her on work restrictions due to Keith's Pregnancy Complications.  ("Work Restrictions").

36. Keith's Work Restrictions reduced the amount of heavy lifting that she could perform.

37. Keith's Work Restrictions reduced the amount of stair climbing that she could perform.

38. Keith's Work Restrictions still permitted Keith to perform her necessary job duties with a reasonable accommodation.

39. Keith's job duties rarely required heavy lifting.

40. Keith's job duties rarely required climbing stairs.

41. Keith made a request for accommodations.

42. On or about January 16, 2019, Keith gave her Work Restrictions to Ahlswede. ("Accommodation Request").

43. On or about January 21, 2019, Ahlswede doubted the authenticity of Keith's Work Restrictions.

44. On or about January 21, 2019, Ahlswede called Keith's doctor to ensure that Keith had not fraudulently forged her Work Restrictions.

45. On or about January 21, 2019, Keith's doctor confirmed the authenticity and necessity of the Work Restrictions he issued to Keith based on Keith's Pregnancy Complications.

46. On or about January 21, 2019, Ahlswede told Keith that her Work Restrictions could not be accommodated because Defendants do not have light duty. ("Denial Of Keith's Accommodation Request").

47. Defendants do have light duty assignments.

48. Defendants accommodate light duty requests from similarly situated, non-pregnant employees.

49. Defendants accommodate light duty requests from similarly situated employees who are injured at work.

50. Defendants did not engage in an interactive process to determine whether Keith could be granted an accommodation.

51. Defendants did not determine whether Keith's Accommodation Request would cause Defendants an undue hardship.

52. Upon information and belief, Defendants have a policy to deny requests for accommodations unless the request for accommodation is made in connection with a workplace injury.

53. Upon information and belief, Defendants selectively grant employees accommodations based on whether or not the employee has a medical condition.

54. Upon information and belief, Defendants selectively grant employees accommodations based on whether or not the employee is pregnant.

55. Keith's First Accommodation Request was reasonable.

56. Keith's First Accommodation Request did not cause an undue hardship on Defendants.

57. Defendants did not determine if Keith's First Accommodation Request would cause an undue hardship.

58. Defendants have no contemporaneously created documents reflecting any effort to determine if Keith's First Accommodation Request would cause an undue hardship.

59. After Keith's First Accommodation Request, Defendants failed to engage in an interactive process to find a reasonable accommodation for Keith's pregnancy-related medical conditions.

60. Ahlswede's Denial Of Keith's Accommodation Request was discrimination.

61. Ahlswede's Denial Of Keith's Accommodation Request was discrimination on the basis of sex.

62. Ahlswede's Denial Of Keith's Accommodation Request was discrimination on the basis of pregnancy.

63. Ahlswede's Denial Of Keith's Accommodation Request was discrimination on the basis of conditions related to pregnancy.

64. On or about January 23, 2019, Ahlswede removed Keith from the work schedule.

65. Ahlswede effectively ended Keith's employment on January 23, 2019.

66. Keith did not work after January 23, 2019.

67. Removing Keith from the work schedule was an adverse action.

68. Removing Keith from the work schedule was an adverse employment action.

69. Keith was able to work after January 23, 2019 with reasonable accommodations.

70. On or about January 23, 2019, Ahlswede instructed Keith to file for Family Medical Leave ("FMLA") within 15 business days from January 23, 2019 because Defendants could not accommodate her Work Restrictions. ("FMLA Instructions").

71. Keith followed Ahlswede's FMLA Instructions because she believed she had no other alternative.

72. As a result of Ahlswede's FMLA Instructions, Keith made an appointment with her doctor for her completion of Keith's FMLA paperwork.

73. Keith's doctor completed and submitted Keith's paperwork to Defendants on February 13, 2019.

74. Defendants notified the Trumbull County Housing Authority that Defendants terminated Keith's employment.

75. Keith did not know that her Defendants had terminated her employment.

76. On February 13, 2019, Keith called Defendants and spoke to Mary Craig, human resources associate, who confirmed receipt of Keith's FMLA paperwork.

77. On February 13, 2019, Mary Craig informed Keith that Defendants had terminated Keith's employment effective February 8, 2019. ("Defendants' Terminating Keith's Employment") because Keith had not returned the FMLA paperwork within fifteen calendar days of it being given to Keith as required under FMLA regulations.

78. The above facts show that Defendants engaged in a pattern and practice of discrimination on the basis of sex and pregnancy.

79. There is a causal connection between Keith's Accommodation Request and Keith's termination.

80. There is a causal connection between Keith's pregnancy and Keith's termination.

81. As a result of Defendants' unlawful conduct, Keith has suffered damages.

## COUNT I: SEX AND PREGNANCY DISCRIMINATION IN VIOLAITON OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e
**(Against Defendants Windsor House Inc. and Omni Manor, Inc. only)**

82. Keith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

83. Keith is a member of a statutorily protected class based on her sex under 42 U.S.C. 2000e-2(a).

84. Keith is a member of a statutorily protected class based on her pregnancy under 42 U.S.C. 2000e-2(k).

85. Defendants treated Keith differently than other similarly situated employees based on her sex.

86. Defendants treated Keith differently than other similarly situated employees based on her pregnancy.

87. Defendants terminated Keith's employment without just cause.

88. Defendants terminated Keith's employment based on her sex.

89. Defendants terminated Keith's employment based on her pregnancy.

90. Defendants' discrimination against Keith based on her sex violates 42 U.S.C. 2000e-2(a).

91. Defendants' discrimination against Keith based on her pregnancy violates 42 U.S.C. 2000e-2(k).

92. Keith suffered emotional distress as a result of Defendants' conduct and is entitled emotional distress damages pursuant to 42 U.S.C. 2000e-2(a).

93. As a direct and proximate result of Defendants' conduct, Keith suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: SEX AND PREGNANCY DISCRIMINATION IN VIOLATION OF R.C. 4112.01 et seq.
**(Against all Defendants)**

94. Keith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. Keith is female.

96. Keith is a member of a statutorily protected class based on her sex.

97. At the time of her employment, Keith was pregnant.

98. Keith is a member of a statutorily protected class on the basis of her pregnancy.

99. Keith informed Defendants that she was pregnant.

100. Keith informed Defendants that she was having medical conditions related to her pregnancy.

101. Defendants told Keith that she should quit work until after her baby was born.

102. Keith's refusal to voluntarily terminate her employment angered Defendants.

103. Keith requested accommodations for her pregnancy-related medical conditions.

104. Keith's request for accommodations were reasonable.

105. Keith's request for accommodations would not cause Defendants an undue hardship.

106. Defendants denied Keith's request for accommodations.

107. Defendants did not engage in an interactive process to determine Keith's need for accommodations.

108. Defendants treated Keith differently than other similarly situated employees based on her sex.

109. Defendants terminated Keith's employment without just cause based upon her sex

110. Defendants terminated Keith's employment based on her sex.

111. Defendants' discrimination against Keith on the basis of her sex violates R.C. 4112.01 et seq.

112. Defendants treated Keith differently than other similarly situated employees based on her sex.

113. Defendants terminated Keith's employment without just cause based on her sex.

114. Defendants terminated Keith's employment based on her sex.

115. Defendants terminated Keith's employment without just cause based on her pregnancy.

116. Defendants terminated Keith's employment based on her pregnancy.

117. Defendants terminated Keith's employment based on her request for accommodations related to her pregnancy.

118. Defendants' discrimination against Keith on the basis of her sex and pregnancy violates R.C. 4112.01 et seq.

119. Keith suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. 4112.01 et seq.

120. As a direct and proximate result of Defendants' conduct, Keith suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT VII:  UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION
**(Against Defendant Ahlswede only)**

121. Keith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

122. Pursuant to R.C. 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

123. Ahlswede aided, abetted, incited, coerced, and/or compelled Defendants' discriminatory termination of Keith.

124. Ahlswede aided, abetted, incited, coerced, and/or compelled Defendants' discriminatory treatment of Keith.

125. Ahlswede violated R.C. 4112.02(J) and 4112.99 by aiding, abetting and inciting discrimination.

126. Keith suffered emotional distress as a result of Ahlswede's conduct, and is entitled emotional distress damages pursuant to R.C. 4112.01 et seq.

127. As a direct and proximate result of Ahlswede's conduct, Keith has suffered and will continue to suffer damages, including economic and emotional distress damages.

**DEMAND FOR RELIEF**

WHEREFORE, Keith demands from Defendants the following:

(a) An order issued by this Court requiring Defendants to restore Keith to one of the positions to which she was entitled by virtue of her application and qualifications, and that Defendants expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Keith for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Keith claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

          Respectfully submitted,

          */s/Angela Rodriguez*
          Angela Rodriguez (0074432)
          Brian Spitz (0068816)
          **THE SPITZ LAW FIRM, LLC**
          WaterTower Plaza
          25200 Chagrin Blvd., Suite 200
          Beachwood, OH 44122
          Phone: (216) 291-4744
          Fax: (216) 291-5744
          Email: angela.rodriguez@spitzlawfirm.com
          brian.spitz@spitzlawfirm.com

          *Attorneys For Plaintiff Jenae Keith*

## JURY DEMAND

Plaintiff Jenae Keith demands a trial by jury by the maximum number of jurors permitted.

                                            */s/Angela Rodriguez*
                                            Angela Rodriguez (0074432)
                                            Brian Spitz (0068816)
                                            **THE SPITZ LAW FIRM, LLC**